**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE JASSO ACOSTA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-533 <br><br> Agency No.  A077-971-888 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Jose Guadalupe Jasso Acosta petitions for review of a Board of

Immigration Appeals (BIA) order dismissing his appeal from the denial by an

immigration judge (IJ) of his applications for withholding of removal and relief

under the Convention Against Torture (CAT). We have jurisdiction under 8

U.S.C. § 1252. We deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     The IJ and BIA relied on the appropriate factors and proper evidence in determining that Jasso is ineligible for withholding of removal because he was convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). Jasso argues that the agency erred in failing to consider his mental condition at the time of the crime. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018). But Jasso did not provide the IJ with any evidence about his mental state or health, and, because Jasso was represented by counsel, the IJ had no independent duty to develop the record. *See Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021); *see also Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) ("*Gomez-Sanchez* did not impose a new standard that the IJ must always reference a petitioner's mental health in a 'particularly serious crime' determination."). The BIA thus did not abuse its discretion in adopting the IJ's analysis. *See Bare*, 975 F.3d at 961; *see generally Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) (articulating standard of review).

2.     Substantial evidence supports the agency's denial of Jasso's CAT claim. As Jasso concedes, there is no evidence of past torture in the record. Nor did Jasso's testimony about two encounters with cartel members establish a likelihood of future torture with the consent or acquiescence of a public official. *See Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019). As to the articles Jasso provided, evidence of generalized violence and crime that is not particular to the petitioner is insufficient to establish eligibility for CAT relief.  *See, e.g.,*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**[1]

---

[1] Accordingly, we also deny the motion to stay removal (Dkt. No. 8) as moot.